# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN LEROY ROGERS, JR., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LENG CHA, *et al.*,<br><br>Defendants. | Case No. 1:17-cv-01381-AWI-EPG<br><br>**ORDER FOR PLAINTIFFS TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT;**<br><br>**OR**<br><br>**(2) NOTIFY THE COURT THAT THEY WISH TO STAND ON THE COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO THE DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Thurman Leroy Rogers, Jr., Sheryl Dawn Dilldine, and Shirley Ann Farley (collectively, "Plaintiffs") are proceeding *pro se* and in *forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs filed the Complaint commencing this action on October 13, 2017. (ECF No. 1). Plaintiffs allege that Fresno County Department of Social Services Child Welfare Department, Leng Cha, Jessica Alfaro, and Felicia Calloway (collectively, "Defendants") violated Plaintiffs' constitutional rights by video and audio recording them without consent, and defamed them by submitting false reports to courts.

The Court has screened the Complaint, and finds that it fails to state a cognizable claim. The Court will provide Plaintiffs with leave to amend the Complaint within thirty days if they

1

believe that additional facts will establish a claim under the applicable legal standards. Plaintiffs also have the option of standing on the Complaint, in which case the Court will issue findings and recommendations to the District Judge, recommending that the case be dismissed.

**I.     SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. PLAINTIFFS' ALLEGATIONS

Plaintiffs allege that Thurman Leroy Rogers, Jr. and Sheryl Dawn Dilldine were video and audio recorded without their consent. Plaintiffs further allege that Defendants, who were acting under color of law and with the authority of Fresno County Department of Social Services Child Welfare Department, intentionally submitted false reports and allegations to courts to pursue charges that were false. Specifically, Leng Cha, Jessica Alfaro, and Felicia Calloway continue to provide false reports attempting to defame the character of Plaintiffs. Defendants continue to pursue charges against Sheryl Dawn Dilldine that they know to be false.

Plaintiffs seek an award of punitive damages, and request that the Fresno County Department of Social Services Child Welfare Department dismiss the case and charges against Sheryl Dawn Dilldine.

## III. DISCUSSION

### A. Section 1983 Liability

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived her of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). A plaintiff must present factual allegations against each individual defendant alleged to have violated her constitutional rights sufficient to state a plausible claim for relief and place each individual defendant on notice of the claim against them. *Iqbal,* 556 U.S. at 678–79; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The allegations must link the actions or omissions of each named defendant to a violation of her rights. *Iqbal,* 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010); *Ewing v. City of Stockton,* 588 F.3d 1218, 1235 (9th Cir. 2009).

Furthermore, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

Here, Plaintiffs do not allege that any particular defendant video or audio recorded them without their consent. They do not link the conduct of recording without consent to a defendant who was acting under color of law. Thus, Plaintiffs have failed to allege a section 1983 claim with respect to the alleged video and audio recording.

Plaintiffs also name a local government, Fresno County Department of Social Services Child Welfare Department, as a defendant, but they do not allege any policy or custom of the Department that caused their injury. Thus, Plaintiffs have also failed to allege a section 1983 claim against Fresno County Department of Social Services Child Welfare Department.

### B. Malicious Prosecution

"In this circuit, the general rule is that a claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "However, "an exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Id. (*quoting *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc)). "Malicious prosecution actions are not limited to suits against prosecutors but may be brought [] against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

A malicious prosecution claim under § 1983 is based on state law elements. *See Usher*, 828 F.2d at 562. Under California law, a plaintiff must plead and prove that a prior proceeding commenced by or at the direction of the defendant, was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice. *Villa v. Cole,* 4 Cal. App. 4th 1327, 1335(1992); *Sagonowsky v. More,* 64 Cal. App4th 122, 128(1998). The element of favorable termination, "requires a termination reflecting the merits of the action

4

and plaintiff's innocence of the misconduct." *Pattiz v. Minye,* 61 Cal. App. 4th 822, 826(1998). "If the resolution of the underlying action leaves some doubt concerning plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of action for malicious prosecution." *Id.*

Plaintiffs fail to allege a §1983 malicious prosecution claim. Plaintiffs allege that Defendants are pursuing charges against Sheryl Dawn Dilldine that Defendants know to be false and untrue. They further request that the case and charges against Sheryl Dawn Dilldine be dismissed. First, Plaintiffs do not allege that any prosecution against such Plaintiff has terminated in her favor. In fact, Plaintiffs' request that charges be dismissed implies that a case against Sheryl Dawn Dilldine is ongoing. Second, read liberally, Plaintiffs' claims do not bring their common law tort claim of malicious prosecution within the scope of section 1983. Plaintiffs do not allege that the Defendants imitated proceedings against them with the intent to deprive them of any constitutional right. Thus, Plaintiffs have failed to allege a §1983 malicious prosecution claim against Defendants.

### C. Defamation

Under California law, defamation is defined as the "intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999). California Civil Code § 47 provides that, with qualified exceptions, "a privileged publication is one made: (a) In the proper discharge of an official duty," and "(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure."

Here, Plaintiffs allege that Defendants submitted false reports to courts in judicial proceedings to pursue charges against Sheryl Dawn Dilldine. As alleged, the reports would be privileged pursuant to California Civil Code § 47. Thus, Plaintiffs have failed to allege a claim for defamation against Defendants.

\\\

## IV. CONCLUSION

The Court finds that the Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiffs with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiffs are granted leave to file an amended complaint within thirty days, if they choose to do so.

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs are advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiffs may also choose to stand on the Complaint, in which case the Court will issue findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint (non-prisoner complaint) form;

2. Plaintiffs may file a First Amended Complaint curing the deficiencies identified by the Court in this order if they believe additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

3. If Plaintiffs choose to file an amended complaint, Plaintiffs shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-01381-

AWI-EPG;

4. Alternatively, within thirty (30) days from the date of service of this order, Plaintiffs may notify the Court that they wish to stand on the Complaint, subject to this Court issuing findings and recommendations to the assigned district court judge recommending that the case be dismissed for failure to state a claim; and

5. If Plaintiffs fail to file an amended complaint or notify the Court that they wish to stand on this complaint within thirty days from the date of service of this order, the Court will issue findings and recommendations to the assigned district court judge recommending that Plaintiffs' case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **March 14, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE